GOOD *v.* DALAND *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1889.)*

1. ACTIONS—JOINDER OF CAUSES—CONTRACTS.
   A complaint alleged an agreement between plaintiff and D., as trustee of an association of which defendant corporation was a member, whereby plaintiff gave to the association and its members the exclusive use of certain patented inventions, in consideration whereof D., as trustee, agreed that the members of the association should pay a certain per cent. of the receipts from the sales of the products of the inventions; that said members should furnish plaintiff monthly statements; and that, if the members failed to made such statements and payment, D. would bring suit against them, and on his failure so to do plaintiff might bring suit against them in D.'s name. Plaintiff alleged performance on his part; that defendant company had made large sales, but had failed to make payments; and the failure of D. to bring suit; and asked for an accounting of the sales by the corporation, for a judgment against it for the amount found due, and for judgment against D. for such portion as with due diligence he could have collected. *Held*, that the complaint stated but one cause of action.

2. PARTIES—JOINDER.
   As D. was interested in the accounting by the corporation, there was no misjoinder of parties.

Appeal from special term, Kings county.

Action by John Good against William S. Daland and the Tucker & Carter Cordage Company. The complaint in substance sets forth that the Tucker & Carter Cordage Company, being members of an unincorporated association known as the "United States Cordage Manufacturers' Association of New York," together with the other members of said association, authorized the defendant Daland to make in their behalf a certain agreement in writing, which the defendant Daland did. The agreement, which is set forth in full, is made between John Good, the plaintiff, and William S. Daland, as trustee for the United States Cordage Manufacturers' Association, of the city, county, and state of New York. After reciting the ownership by Good of certain patented inventions and contemplated improvements, the agreement provides that Good will give to the association and its members the exclusive right to the use and sale of his inventions on the Western continent, and will warrant and protect them therein. "The defendant Daland then, as such trustee as aforesaid, for himself, as such trustee, and his successor or successors in such trust, agrees that the members of said the United States Cordage Manufacturers' Association will pay to said John Good, in consideration of the above agreement and covenants on his part, one-eighth of one cent per pound on all manilla and Sisal fibers worked by them into cords, twine, or rope, and offered for sale and use in the United States, and sold and delivered during the time they shall have the sole and exclusive use of such machine, as above agreed by said John Good, provided they are by him fully protected in such use as

aforesaid; and, further, that the members of said association shall respectively submit to said Good monthly sworn statements of the quantity of such fibers so worked, sold, and delivered by them during the preceding month." Good, then, "for the more effectually securing the contract on his part," empowers Daland, as such trustee, or his successor in the trust, to bring suit in his name and at his expense for the prosecution of infringements upon his patent, and appoints Daland his attorney in fact for this purpose. Daland, as trustee, agrees, "for the more effectually securing the contract on his part as such trustee," that if said association, or any member thereof, make default in submitting a monthly sworn statement of the quantity of fibers worked, sold, and delivered, as above provided, or in payment of the sum above agreed, the said trustee shall promptly bring suit against such defaulting member, and use all diligence in prosecuting an action for the collection thereof; and, on failure on his part so to do, the said Good may, at his election, bring such suit in the name of said trustee, at said trustee's expense." The complaint, after allegations of full performance by plaintiff of the agreement on his part, then sets forth that in the months of March, April, May, June, and July, 1887, the Tucker & Carter Cordage Company, having worked large amounts of fibers into cord, twine, and rope, and sold the same in the United States, though requested, have failed and neglected to furnish plaintiff with any statement thereof, and that the amount thereof is unknown to him, and that no sum or percentage in respect of such fibers has been paid to him; that defendant Daland, in compliance with the suggestion of the Tucker & Carter Cordage Company, has refused to bring suit for the collection of such percentage from that company in accordance with his agreement in that behalf, though requested by the plaintiff so to do, but claims that no cause exists for any such action. The plaintiff then demands judgment (1) that the rights of the plaintiff and liabilities of defendant under the agreement may be established and declared; (2) that an accounting may be had of the fibers worked and sold in the United States by the Tucker & Carter Cordage Company during the months of March, April, May, June, and July, 1887; (3) that judgment be rendered against defendant Daland for the agreed percentage on the amount thereof, or for such portion as with due diligence he could have collected; (4) that judgment be rendered against the Tucker & Carter Cordage Company for said amount. Defendants demurred to the complaint, on the ground of misjoinder of causes of action, which demurrers were overruled, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles L. Atterbury,* (*Calvin Frost,* of counsel,) for appellants. *Albert G. McDonald,* for respondent.

BARNARD, P. J. There is but one cause of action stated in the complaint. Daland agreed with Good that the Tucker & Carter Cordage Company should pay one-eight of one cent per pound on all cord, rope, and twine offered for sale and used by this company during the time it had the use of the plaintiff's patent-rights for machinery and manufacturing the same. The defendant Daland further agreed that the defendant company would make monthly statements of the quantity of fiber worked, sold, and delivered during the preceding month. The agreement was made by Daland with Good as trustee of the defending company. The complaint avers a default in each respect, although the defendant had worked up "many hundred thousand pounds" into cords, and sold and delivered the same. For the purpose of determining the sufficiency of the complaint, the other parts of the argument are immaterial. In legal effect, the defendant company agreed to pay Good, and Daland agreed that the defendant company would pay, and that he could sue the other defendants for the collection of what was due. The plaintiff seeks only to enforce this contract against those who made it. Even if the parties are not equally entitled or in the same legal right, they are proper parties. There is but one transaction,—

both defendants have failed in duty under the agreement. There must be an accounting with the defendant company, and Daland is interested in that. There is therefore no misjoinder of causes of action, and none of parties. The judgment, therefore, ought to be affirmed, with costs. All concur.